# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| ABS Development Corporation ) | ASBCA Nos. 60022, 60023 |
| ) | |
| Under Contract No. W912GB-10-C-0047 ) | |

APPEARANCES FOR THE APPELLANT:
Thomas R. Krider, Esq.
Howard W. Roth III, Esq.
Ashley J. Sherwood, Esq.
  Oles Morrison Rinker & Baker, LLP
  Seattle, WA

APPEARANCES FOR THE GOVERNMENT:
Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Brett R. Howard, Esq.
Paul Cheverie, Esq.
Nancy van Noortwijk-Sommer, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Europe

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO AMEND ITS ANSWERS

*Introduction*

The government seeks to amend its answers in ASBCA Nos. 60022 and 60023 to assert the defense that the contract referenced above is void *ab initio*, and, in ASBCA No. 60023, to assert the contention that it is not responsible for the sovereign acts of the Government of Israel. We allow the amendments.

*Void ab initio*

In ASBCA Nos. 60022 and 60023, the government wants to amend its answers to assert allegations that the contract referenced above "was obtained by and is tainted by fraud, and hence is *void ab initio* and [appellant] cannot recover on its claims" (ASBCA No. 60022 (60022), amended answer at 1-3, ¶¶ 55-61, ASBCA No. 60023 (60023), amended answer at 1-3, ¶¶ 5-11 (italics in originals)). Appellant, citing 41 U.S.C. § 7103(a)(5), Contract Disputes Act, and *Supply & Service Team GmbH*, ASBCA No. 59630, 17-1 BCA ¶ 36,678, says that we do not possess jurisdiction to entertain such a defense here because no third party has made factual determinations regarding any alleged fraud (60022, app. opp'n at 4-7; 60023, app. opp'n at 4). We

disagree that we need any third-party determination here; we possess jurisdiction to determine for ourselves whether a contract is void *ab initio* because of fraud. *See International Oil Trading Company*, ASBCA No. 57491 *et al.*, 13 BCA ¶ 35,393 at 173,658 (bribery and fraud; discussing 41 U.S.C. § 7103); *Servicios y Obras Isetan S.L.*, ASBCA No. 57584, 13 BCA ¶ 35,279 at 173,162 (fraud in the inducement). *Supply & Service Team* does not require a contrary result, that appeal did not involve whether a contract was void *ab initio*.

Appellant also cites *Laguna Construction Company v. Carter*, 828 F.3d 1364 (Fed. Cir. 2016), but that opinion also, does not require a contrary result here. In *Laguna* the court recited the rule that "[c]ertain fraud-related *claims* are outside of the Board's jurisdiction...[t]hese include *claims* relating to 41 U.S.C. § 7103 (formerly 41 U.S.C. § 604), 28 U.S.C. § 2514 (Special Plea in Fraud), and 31 U.S.C. §§ 3729–31 (False Claims Act)." *Id.* at 1368 (emphasis added, internal citations omitted). Whether a contract is void *ab initio* is none of those. There is a big difference between whether a contract is void *ab initio* (in which the question is whether the contractor can establish that he has a contract with the government in the first place, *see Atlas International Trading Corp.*, ASBCA No. 59091, 15-1 BCA ¶ 35,830 at 175,198 (contract obtained through bribery void *ab initio*)), and whether (as in *Laguna*) the government is asserting the type of fraud claim that we do not possess jurisdiction to entertain.

For these reasons, we possess jurisdiction to entertain the government's proposed void *ab initio* amendments; therefore, our jurisdiction is no bar to amendment. Appellant also says that, assuming we have jurisdiction, the amendments should not be allowed because, it says, there is no fraud (60022, app. opp'n at 8; 60023, app. opp'n at 4). However, that is a merits issue for a hearing.

Appellant also says that, at this point amendment would unduly prejudice it (60022, app. opp'n at 11-13; 60023, app. opp'n at 4-5). We permit amendment upon conditions fair to both parties, Board Rule 6(d), and see no unfairness in allowing amendment here. We are not on the eve of trial (scheduled for April 10, 2018), and the proposed amendment concerns matters such as what appellant's president said at a deposition held only a few months ago regarding whether appellant "intentionally induced the US Government to award the contract to [appellant] even though they had no intention of performing the contract" (60022, amended answer at 2, ¶ 58; 60023 amended answer at 2, ¶ 8). Presumably, appellant is already aware of the facts that bear upon that issue. We allow the proposed amendments.

*Sovereign Acts of a Foreign Government*

In ASBCA No. 60023, the government wants to amend its answer to include the following contention:

2

The U.S. government is not responsible for the sovereign acts of a foreign nation. Control over base access on this project was the sole responsibility of the Government of Israel. A warranty covering the actions of a third party cannot be held to exist in a government contract unless the terms of the alleged warranty are unmistakable. The contract does not contain an express or implied warranty regarding the ability of [appellant] to receive approval by the Government of Israel for base access for Turkish workers.

(60023, amended answer at 1, ¶ 4) Appellant's opposition is based on its view that those contentions are not (using appellant's term) "viable" (60023, app. opp'n at 5, 9). That is, appellant contends that, "[g]iven that the contract does contain the implied warranty the Government's proffered affirmative defense seeks to avoid, the Government's motion to amend should be denied" (*id.* at 9). That, too, is a merits issue, either for a hearing, post-hearing briefing, or both.

Appellant also says that allowing the government's "foreign sovereign acts" contention would cause it undue prejudice (*see* 60023, app. opp'n at 5). Again we are not on the eve of trial; moreover, the government's contentions appear to consist almost entirely of questions of law. In any event, appellant points to no specific prejudice. We see no unfairness in allowing the amendment, and allow it.

*Conclusion*

The proposed amendments to the answers in these appeals are allowed.

Dated: 30 August 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur                                    I concur

RICHARD SHACKLEFORD                         J. REID PROUTY
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60022, 60023, Appeals of ABS Development Corporation, rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4